IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE FRED ELFRANK, | § | |
| ID # 07783-510, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-CV-2865-D-BW |
| | § | |
| VOA/AG of the USA, | § | |
| Respondents. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241, received on November 12, 2024.  (Dkt. No. 3.)  Based on the relevant filings

and applicable law, the Court should **DISMISS** the petition without prejudice.

## I.  BACKGROUND

Eugene Fred Elfrank, a federal inmate at a Bureau of Prisons ("BOP")

residential reentry center ("RRC") in Hutchins, Texas, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241 challenging his arrest and indictment in his

underlying criminal case and the delay of his release to home confinement under the

First Step Act.  (*See* Dkt. No. 3 at 5-6.)  He names the entity administering his RRC

and the Attorney General of the United States as the respondents.  (*See id.* at 1.)

Elfrank pled guilty under a plea agreement to one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. § 1349 and § 1343 in the United States

_____

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

District Court for the Eastern District of Texas, Sherman Division. *See United States*

*v. Elfrank*, No. 4:22-CR-153-SDJ-AGD-3, Dkt. Nos. 54-58 (E.D. Tex. Feb. 14, 2023).

By judgment dated June 20, 2023, that court sentenced him to 27 months'

imprisonment, to be followed by three years of supervised release. *See id.*, Dkt. No.

75 (E.D. Tex. June 20, 2023). It also ordered him to pay restitution, jointly and

severally with his co-defendants, in the amount of $772,500. *See id.*

Elfrank now asserts three grounds for relief in his § 2241 petition:

(1) Petitioner was never lawfully arrested under Rules 3 and 4 of F.R.
Cr. Pr.;

(2) Petitioner is detained in violation of 18 USC 3049, indictment rule
of law; and

(3) FSA benefits[ ] to home confinement [are] being delayed.

(Dkt. No. 3 at 5-6.) He seeks "Immediate Release to Home Confinement." (*Id.* at

7.) According to the BOP's public records, Elfrank is not in BOP custody as of

December 4, 2024. *See* BOP Inmate Locator, *available at* https://www.bop.gov/

inmateloc/ (last visited Dec. 5, 2024).

## II. JURISDICTION

Generally, a § 2241 petition is the proper procedural vehicle to challenge "the

manner in which a sentence is carried out or the prison authorities' determination of

its duration," while claims collaterally challenging the validity of a federal sentence

are properly raised in a motion under 28 U.S.C. § 2255. *Pack v. Yusuff,* 218 F.3d 448,

451 (5th Cir. 2000); *see also Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir.

2005).  When a § 2241 petition challenges the validity of a federal sentence by attacking errors that occurred at or prior to sentencing, as here, the court must dismiss it or construe it as a § 2255 motion, unless the petitioner shows under the "savings clause" of § 2255 that the remedy provided by § 2255 "is inadequate or ineffective."  *Pack*, 218 F.3d at 452; *see also* 28 U.S.C. § 2255(e).  To make this showing, the petitioner must demonstrate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."  *Barrientes v. Warden USP Pollock*, No. 23-30896, 2024 WL 2369376, at *1 (5th Cir. May 23, 2024) (unpublished) (quoting *Jones v. Hendrix*, 599 U.S. 465, 478 (2023)).

Here, Elfrank contends in his first and second grounds for relief that the sentencing court in the underlying criminal case from the Eastern District of Texas lacked personal jurisdiction over him because there was no probable cause for his arrest, and that the indictment in the case was fatally flawed, respectively.  (*See* Dkt. No. 3 at 6.)  Although he filed his petition under § 2241, because he is challenging alleged errors that occurred "at or prior to sentencing" in the underlying criminal case, these grounds are properly raised under § 2255.  *Pack*, 218 F.3d at 451.

In response to an instruction on his § 2241 petition to state why his remedy under § 2255 was inadequate or ineffective to test the legality of his detention, Elfrank states in part:

> Original district court [ ] lacks any personal or venue and subject matter jurisdictions (18 USC 3041, 3044, 3231) and therefor[e] cannot "continue their criminal case." ([A]dvisory notes: 2255).

3

(Dkt. No. 3 at 9.)  Elfrank's allegations that the sentencing court lacks jurisdiction are unavailing and fail to establish that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."  *Cabello v. Hijar*, No. 24-50407, 2024 WL 4614718, at *1 (5th Cir. Oct. 30, 2024) (unpublished) (citation and internal quotation marks omitted).  Elfrank therefore has not satisfied his burden to show that his first and second grounds are reviewable under the savings clause of § 2255(e), and those grounds can only be considered through a § 2255 motion to vacate.  *See, e.g.*, *Barrientes*, 2024 WL 2369376, at *1.

"A section 2255 motion must be filed in the sentencing court," and Elfrank was sentenced in the Eastern District of Texas.  *Pack*, 218 F.3d at 451; *see also* 28 U.S.C. § 2255(a).  Accordingly, this Court lacks jurisdiction to consider Elfrank's first and second grounds under § 2255.  The Court therefore should dismiss his first and second grounds without prejudice for lack of jurisdiction.

## III. EXHAUSTION

In his third ground for relief, Elfrank contends that the BOP and the Attorney General of the United States are delaying his release to home confinement under the First Step Act.  (*See* Dkt. No. 3 at 6.)

A federal prisoner seeking relief under § 2241 generally must exhaust his administrative remedies through the BOP before presenting his claims in federal court.  *See Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special

4

competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Courts may sua sponte dismiss § 2241 petitions for lack of exhaustion. *See, e.g.*, *Pritchett v. Upton*, No. 3:16-CV-3344-M-BN, 2016 WL 7971334, at *2 (N.D. Tex. Dec. 30, 2016).

By statute, the Attorney General of the United States, through the BOP, determines whether and how long to place a federal inmate in a halfway house prior to completion of his sentence and computes sentence credit awards. *See United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010); *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019) ("The decision whether – and, if so, for how long – to place an inmate in a residential reentry center ('RRC') – a halfway house – is committed to the BOP under statutory authority."), *rec. adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019). Subpart B of Title 28 of the Code of Federal Regulations sets forth the BOP administrative procedure for inmates seeking formal review of their complaints. *See* 28 C.F.R. §§ 542.10-542.19.

Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the warden, an appeal to the appropriate Regional Director if unsatisfied with the warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. *See* 28

5

C.F.R. §§ 542.13-542.15. The filing of an appeal to the BOP General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate exhausts his administrative remedies for filing a § 2241 petition. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). This process also applies to inmates who are designated to RRCs and former inmates complaining of issues that arose during their confinement. *See* 542.10(b).

A petitioner need not exhaust administrative remedies, however, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation and quotation marks omitted). Such "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (internal citation omitted). If a petitioner carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

Here, Elfrank provides no evidence and alleges no facts showing that he pursued, much less exhausted, his available administrative remedies as to his third ground, or that an exception to the exhaustion requirement applies. (*See* Dkt. No. 3 at 2.) Accordingly, the Court should dismiss his third ground without prejudice for failure to exhaust available remedies.

6

## IV.  RECOMMENDATION

The Court should **DISMISS** Elfrank's claims challenging his sentence and conviction in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on November 12, 2024 (Dkt. No. 3), without prejudice for lack of jurisdiction.  The Court should **DISMISS** Elfrank's claim regarding his release to home confinement without prejudice for failure to exhaust available remedies.

**SO RECOMMENDED** on December 5, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).